IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE TERRELL RADFORD                                                                                          PLAINTIFF

v.                                          Case No. 1:25-cv-1012

SERGEANT HUNTER SCOTT;
OFFICER KYLE JENSEN;
ATTORNEY CARRIN HEART;
PROSECUTING ATTORNEY RAINWATER;
and JAILER JOSH OWENS                                                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on March 27, 2025, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 7. This case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A. Judge Bryant recommends that this case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff has responded with objections. ECF No. 8. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, representing himself in this matter, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Columbia County Detention Center ("CCDC") in Magnolia, Arkansas. Plaintiff alleges that Defendants violated his Fourteenth and Eighth Amendment rights by framing him for a burglary charge in state court, planting "meth" in his property, falsely charging him in state court with possessing a controlled substance in the CCDC, setting his bond excessively high, and falsely imprisoning him. ECF Nos. 1, 6. Plaintiff is suing Defendants in their official and individual capacities. For relief, Plaintiff asks the Court to expunge his criminal record, free him from incarceration, and pay him $1,500.00 for each day he has been falsely imprisoned.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Court must apply a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

The Court must dismiss a complaint, or any portion of it, if it contains claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).  A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. DISCUSSION

First, the Court will address Plaintiff's claims against Defendants in their individual capacities. Plaintiff's complaint centers on a challenge to his arrest, charges, and imprisonment. Plaintiff reiterates in his objections that he is seeking civil rights claims under § 1983. As relief, he is seeking freedom from his incarceration. However, as Judge Bryant pointed out, Plaintiff may not use § 1983 as a substitute for habeas relief and instead must pursue such claims through 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to a judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)). Because Plaintiff is challenging his incarceration, arguing that he was framed, and arguing that his state charges are invalid, he must pursue these claims under 28 U.S.C. § 2254. Accordingly, the Court agrees with Judge Bryant's finding that Plaintiff's claims are not cognizable under § 1983 and must be dismissed.

Judge Bryant also points out that Plaintiff's claims are barred by *Heck v. Humphrey*, because his state court conviction and/or sentence has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). In his objections, Plaintiff does not specifically address this finding. The Court agrees with Judge Bryant that Plaintiff's claims should be dismissed because they are barred by *Heck v. Humphrey*.

The Court turns now to Plaintiff's claims against Defendants in their official capacities. Because Plaintiff fails to allege a cognizable constitutional violation under § 1983, all official capacity claims asserted against Defendants' employers also fail as a matter of law. *See Morris*

*v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020).

## IV. CONCLUSION

Upon *de novo* review, for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 8) and adopts the Report and Recommendation *in toto*. ECF No. 7. Accordingly, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a clam upon which relief may be granted.

Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on this case for future judicial consideration. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED**, this 4th day of June, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge